```
       IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF ALABAMA
                 SOUTHERN DIVISION

MARTHA J. HENDERSON,           *
                               *
     Plaintiff,                *
                               *
vs.                            * CIVIL ACTION NO. 14-00454-B
                               *
CAROLYN W. COLVIN,             *
Commissioner of Social         *
Security,                      *
                               *
     Defendant.                *
```

## ORDER

Plaintiff Martha J. Henderson (hereinafter "Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security denying her claim for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, and 1381, *et seq.*  On October 29, 2015, the parties consented to have the undersigned conduct any and all proceedings in this case.  (Doc. 19).  Thus, the action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Upon careful consideration of the administrative record and the memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner be **REVERSED and REMANDED.**

I.      **Procedural History**

Plaintiff protectively filed her applications for benefits on July 11, 2011.  (Tr. 156).  Plaintiff alleged that she has been disabled since May 5, 2011, due to "seizures" and "problems with neck and back."  (Id. at 149, 155).

Plaintiff's applications were denied and upon timely request, she was granted an administrative hearing before Administrative Law Judge Marni McCaghren (hereinafter "ALJ") on January 16, 2013.  (Id. at 23).  Plaintiff attended the hearing with her counsel and provided testimony related to her impairments.  (Id. at 26).  A vocational expert ("VE") also appeared at the hearing and provided testimony.  (Id. at 55).  On February 13, 2013, the ALJ issued an unfavorable decision finding that Plaintiff is not disabled.  (Id. at 18).  The Appeals Council denied Plaintiff's request for review on August 6, 2014.  (Id. at 1-2).  Therefore, the ALJ's decision dated February 13, 2013, became the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff timely filed the present civil action.  (Doc. 1).  The parties waived oral argument on October 29, 1015 (Doc. 18), and agree that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

2

**II.  Issues on Appeal**

    **A. Whether the ALJ erred in finding that Plaintiff had transferrable skills from past relevant work as a hospital admissions clerk and, thus, was not disabled?**

    **B. Whether the ALJ erred in rejecting the opinions of Plaintiff's treating physician, Dr. Stanley Barnes, M.D.?**

    **C. Whether the ALJ erred in failing to articulate a linkage between the RFC and the evidence?**

**III. Factual Background**

Plaintiff was born on July 1, 1959, and was fifty-three years of age at the time of her administrative hearing on January 16, 2013.  (Tr. 23, 155).  Plaintiff testified that she graduated from high school and completed one year of college.  (Id. at 27).  She also received training to become a nursing assistant.  (Id.).

According to Plaintiff's testimony and Work History Report, she last worked from approximately 2010 to 2011 as a part-time cashier in a convenience store, averaging about thirty hours a week.  (Id. at 28).  In addition to being a cashier, Plaintiff was responsible for cleaning, mopping, sweeping, and putting out stock.  (Id.).  Her employment was terminated in May 2011, along with all of the other employees at the store, when inventory was discovered missing.  (Id. at 28, 150).  Prior to that, Plaintiff

worked at other convenience stores from approximately 1987 to 1990 and then again from 1995 to 2011.[1] (Id. at 150, 166). Also, from 1999 to 2001, Plaintiff worked as the assistant manager of a retail clothing shop, and her duties included managing day-to-day operations, ordering merchandise, and cleaning. (Id. at 31). Plaintiff also worked for approximately eight years from 1991 to 1999 in medical admissions at Atmore Community Hospital, admitting and discharging patients.[2] (Id. at 29, 33, 197). She was terminated from that job after her mother became ill. (Id.). Prior to that, Plaintiff worked as a private duty nurse in the 1980's for approximately four years, working approximately thirty-two hours a week, but ceased working when her employer died. (Id. at 30-31). She last applied for a receptionist type job in 2010 but did not get it. (Id. at 33-34). She also applied for a job as a certified nursing assistant ("CNA") at a nursing home in 2011, but she did not get the job because she was not certified. (Id. at 34).

Plaintiff testified that she currently has problems with her neck and back, gastroesophageal reflux disease ("GERD"), and

---

[1] The dates during which Plaintiff worked at her various jobs is confusing, with the dates often overlapping. (Tr. 31, 150, 166).

[2] While Plaintiff reported working as a hospital admissions clerk from January 1991 to February 1999, her earnings report reflects that 1998 was the last year she worked in that position, and her earnings in that position for 1998 were $1,755.36.

4

that she has had seizures. (Id. at 35-36, 44). Plaintiff testified that she last had a seizure in May of 2012 and that it was the only one that she had that year. (Id. at 40). She testified that she generally has about one seizure a year and that she worked for a couple of decades with that condition. (Id. at 40-41). Plaintiff also testified that she had a "MRSA" (Methicillin-resistant Staphylococcus Aureus) infection in 2008. (Id. at 35-36). Plaintiff's medications include Dilantin (for seizures),[3] Lortab (for back pain), and Bisoprolol (for high blood pressure). (Id. at 40-42).

Plaintiff testified that she lives with her daughter and her two grandchildren, ages five and eight. (Id. at 26). On a typical day, she gets up at 6:00 a.m., sits in a chair, and reads her bible for about thirty minutes. (Id. at 45). Then, she cooks breakfast, washes the dishes, takes a bath, walks around the house for about thirty minutes, and watches television. (Id. at 44-48). She participates in her grandchildren's activities at school and attends church regularly on Sunday and Tuesday nights. (Id. at 48-49). She does her own laundry and housework. (Id. at 51). She shops for groceries and drives. (Id.).

Plaintiff also reported in her Function Report that she can

---

[3] Plaintiff reported that she has no side effects from the Dilantin. (Tr. 178).

lift approximately ten pounds, can squat but not for too long, can walk for approximately fifteen minutes, cannot stand or sit for too long, and reaching causes her arm to hurt. (Id. at 163). She can pay attention for "a good while;" she finishes what she starts; she follows written instructions "okay;" and she follows spoken instructions "very well." (Id.). She reported that she does not handle stress well. (Id. at 164).

## IV. Analysis

### A. Standard of Review

In reviewing claims brought under the Act, this Court's role is a limited one. The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied.[4] Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding substantial evidence is defined as "more than a scintilla, but

---

[4] This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

6

less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. Chester v. Bowen, 792 F. 2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. Dist. LEXIS 10163, *4 (S.D. Ala. June 14, 1999).

### B.   Discussion

An individual who applies for Social Security disability benefits must prove his or her disability. 20 C.F.R. §§ 404.1512, 416.912. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); see also 20 C.F.R. §§ 404.1505(a), 416.905(a). The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven his disability.[5] 20 C.F.R.

---

[5] The claimant must first prove that he or she has not engaged in substantial gainful activity. The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is

§§ 404.1520, 416.920.

In the case *sub judice*, the ALJ determined that Plaintiff has not engaged in substantial gainful activity ("SGA") since May 5, 2011, the alleged onset date, and that she has the severe impairments of seizure disorder, osteoarthritis, degenerative disc disease of the lumbar and cervical spine, status-post anterior cervical discectomy and fusion, with residual right shoulder pain, and chronic laryngitis.[6]  (Tr. 13).  The ALJ further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of

---

automatically found disabled regardless of age, education, or work experience.  If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work.  Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history.  Id.  Once a claimant meets this burden, it becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history.  Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985).  If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled.  Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).  See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

[6] The ALJ also found that Plaintiff's menorrhagia and anemia were non-severe.  (Tr. 14).

8

the listed impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Id. at 14).

The ALJ concluded that Plaintiff retains the residual functional capacity (hereinafter "RFC") to perform a range of sedentary work, with the restrictions that Plaintiff "is to avoid all crouching, kneeling, crawling, driving, use of heavy hand controls with the right hand, overhead reaching with the right arm, climbing of ropes, ladders, or scaffolds, or exposure to moving machinery or unprotected heights.  She is to avoid frequent communication, whether in person or by telephone; and, due to pain and potential side effects of medication, she is expected to be off-task for approximately 5% of the work day." (Id. at 14-15).  The ALJ also determined that while Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, and her statements concerning the intensity, persistence, and limiting effects of the alleged symptoms were credible, they did not support a finding of disability.  (Id. at 15).

Utilizing the testimony of a VE, the ALJ found that considering Plaintiff's residual functional capacity for a range of sedentary work, with the stated restrictions, as well as her age, education, and work experience, Plaintiff is not capable of performing her past work as a hospital admissions clerk, cashier, nurse's aide, apparel salesperson, and inventory clerk.

(Id. at 16).  However, the ALJ found that Plaintiff's past work as a hospital admissions clerk (which was semi-skilled) was "past relevant work" with skills that were transferrable to sedentary work, and, thus, under Medical Vocational Rule 201.15,[7] Plaintiff is not disabled.  (Id. at 17).

The Court now considers the foregoing in light of the record in this case and the issues on appeal.

1. **Issue**

   **A. Whether the ALJ erred in finding that Plaintiff had transferrable skills from her past relevant work as a hospital admissions clerk and, thus, was not disabled?**

Plaintiff argues that the ALJ erred in identifying the position of hospital admissions clerk as "past relevant work" with skills that are transferrable to other work in the national economy that she is able to perform.  Specifically, Plaintiff argues that her work as a hospital admissions clerk does not constitute "substantial gainful activity" under the regulations and, thus, cannot constitute "past relevant work" for purposes of finding her not disabled.  (Doc. 13 at 6-13).  The Commissioner counters that Plaintiff's work as a hospital

---

[7] Specifically, the ALJ found that Plaintiff's past work as a hospital admissions clerk had skills (such as record keeping and organization) that were transferrable to other work in the national economy that Plaintiff is able to perform, such as timekeeper, medical voucher clerk, and laundry pricing clerk (all of which are semiskilled and sedentary).  (Tr. 17).

admissions clerk does constitute "substantial gainful activity" ("SGA") and, thus, was properly considered by the ALJ as "past relevant work" with transferrable skills, rendering Plaintiff not disabled. (Doc. 16 at 4-5). Having reviewed the record at length, the Court finds that this case must be reversed and remanded due to the ALJ's failure to analyze whether Plaintiff's past work as a hospital admissions clerk constitutes "substantial gainful activity" (thereby constituting "past relevant work"), a prerequisite to finding that Plaintiff is not disabled under Medical Vocational Rule 201.15.

Medical Vocational Rule 201.15, relied on by the ALJ (Tr. 17), provides that a person is not disabled if she is closely approaching advanced age, if she is a high school graduate, and if her "past relevant work" is at least semi-skilled and the skills are transferable. See 20 C.F.R. Pt. 404, Subpt. P, App. 2; see also Taylor v. Secretary of Health & Human Servs., 891 F.2d 292, *3 (6th Cir. 1989) (unpublished). To qualify as "past relevant work," the work must have been done: 1) within the last fifteen years; 2) long enough for the claimant to learn to do it; and 3) at a level constituting substantial gainful activity. See 20 C.F.R. § 416.965(a); see also Clark v. Astrue, 2009 U.S. Dist. LEXIS 30709, *13, 2009 WL 943537, *5 (S.D. Ala. Apr. 3, 2009). Under the regulations, "substantial gainful activity" is "work activity that is both substantial and gainful." See 20

11

C.F.R. § 416.972. Substantial work activity is "work activity that involves doing significant physical or mental activities . . . even if it is done on a part-time basis," and gainful work activity is work activity done "for pay or profit." Id.

"In evaluating work activity for substantial gainful activity purposes, the primary consideration is the claimant's earnings from work activity." Green v. Commissioner, Soc. Sec. Admin., 555 F. Appx. 906, 908 (11th Cir. 2014) (unpublished). The regulations use earnings guidelines with monthly minimum thresholds to assist in the determination of whether a claimant's past work was substantial gainful activity. See 20 C.F.R. § 416.974(b). "If a claimant receives wages exceeding those set out in an earnings guidelines table, a presumption arises that she was engaged in substantial gainful activity during that period." Sommers v. Colvin, 2015 U.S. Dist. LEXIS 101152, *35, 2015 WL 4633516, *11 (N.D. Fla. Aug. 3, 2015) (quoting Green, 555 Fed. Appx. at 908).

"When comparing a claimant's average monthly income to the earnings guidelines, the claimant's income is generally averaged over the actual period of work involved." Gentile v. Commissioner of Soc. Sec., 2014 U.S. Dist. LEXIS 121093, *8, 2014 WL 4279057, *3 (M.D. Fla. Aug. 29, 2014) (citing SSR 83-35, 1983 WL 31257, at *1-3 (1983) ("for example, the earnings of a hypothetical claimant working from January 1982 to August 1982

are divided by eight (8) -- the number of months actually worked -- and not by twelve (12).").  However, "[w]hen an individual works over a period of time during which the SGA level changes, earnings are not averaged over the entire period of work involved; rather, they are averaged over each period for which a different SGA level applies." SSR 83-35, 1983 WL 31257. Likewise, "[w]hen there is a significant change in work patterns or earnings, the earnings must be averaged over each separate period of work involved to determine if either effort was SGA." Id.

SSR 83-35 explains: "If the individual's pattern of work was (or is) continuous without significant change in work patterns or earnings, and there was no change of SGA earnings levels during the period involved, earnings are to be averaged over the entire period of work requiring evaluation." Id., 1983 WL 31257.  "However, when an employee's earnings or work activities vary somewhat from month-to-month, it may be necessary to average the 'countable earnings' reported over a number of months in order to compare those earnings with the applicable monthly amount in the Earnings Guidelines." Id.

In addition, even if the claimant's earnings are insufficient to raise a presumption of substantial gainful activity, the ALJ can still consider other information which may indicate that the claimant engaged in SGA.  See Sommers, 2015

U.S. Dist. LEXIS 101152 at *35, 2015 WL 4633516 at *11 (citing Eyre v. Commissioner, Soc. Sec., 586 F. Appx. 521, 524 (11th Cir. 2014) (stating that "[e]ven where the claimant's average monthly earnings were below the amount established by the earnings guidelines, if other evidence indicates that the claimant was engaged in substantial gainful activity" that information may be considered, such as "whether the work performed was 'comparable to that of unimpaired people in [the claimant's] community who [were] doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work.'")). Indeed, "[a]lthough earnings below the threshold amount ordinarily show that an employee has not engaged in substantial gainful activity, the fact that earnings are below the guidelines is not dispositive." Hunsberger v. Colvin, 2015 U.S. Dist. LEXIS 79174, *11, 2015 WL 3793615, *4 (M.D. Fla. June 18, 2015) (citing cases: Reeder v. Apfel, 214 F.3d 984, 989 (8th Cir. 2000) (noting that a claimant's "low earnings are more the result of her choice to work only seasonally than an indicator of a physical or mental inability to work the entire year"); Fuentes v. Colvin, 2015 U.S. Dist. LEXIS 17915, *28, 2015 WL 631969, *10 (W.D.N.Y. Feb. 13, 2015) (affirming ALJ's determination that claimant's previous work was substantial gainful activity "especially considering that [the claimant's]

earning records reveal that he had multiple jobs . . . suggesting that he was employed as an office cleaner on a part-time basis because it was not his primary employment"); Nishke v. Astrue, 878 F. Supp. 2d 958, 987 (E.D. Mo. 2012) (evidence showed that "plaintiff's low earnings in the cited jobs were more likely the result of her choice regarding her work schedule than an indication of a mental inability perform the jobs at the presumptive substantial gainful activity level"); Hearod v. Astrue, 2011 U.S. Dist. LEXIS 92233, *40-41, 2011 WL 3648269, *14 (E.D. Mo. July 29, 2011) (finding that the claimant's "low earnings appear to be more the result of her choice to obtain work through a temporary agency, rather than an indication of a physical or mental inability to perform the work throughout the year.")).

As this Court noted in Clark, "[t]he problem in this case is that the ALJ failed to identify and discuss in any meaningful manner the evidence that supports a conclusion that plaintiff's past work . . . rises to the level of substantial gainful activity, thereby constituting past relevant work." Clark, 2009 U.S. Dist. LEXIS 30709 at *14, 2009 WL 943537 at *5 (citing 20 C.F.R. § 416.960). In the present case, the ALJ did not mention Plaintiff's average monthly earnings as a hospital admissions clerk, nor did she identify the period of work under evaluation or discuss any evidence related to the issue of whether that

work rose to the level of substantial gainful activity, thereby qualifying as past relevant work. Rather, the ALJ simply stated that "[t]he claimant has past relevant work as a hospital admissions clerk . . ." and, based on the VE's testimony that her past work as a hospital admissions clerk was semi-skilled and had skills in record keeping and organization that were transferrable to sedentary work, she is not disabled. (Tr. 16-17).

Contrary to the ALJ's conclusory statement that Plaintiff has "past relevant work" as a hospital admissions clerk, the evidence of Plaintiff's earnings during the fifteen years preceding the ALJ's decision seems to indicate that it was not substantial gainful activity. The record shows that Plaintiff reported working as a hospital admissions clerk from January 1991 to February 1999 (see "Claimant's Work Background," id. at 197); however, her earnings report shows that the last year that she worked in that job was actually 1998. (Id. at 142). The record also reflects earnings from Plaintiff's work as a hospital admissions clerk as follows: $0 in 1999;[8] $1,755.36 in 1998;[9] $14,096.37 in 1997; $12,314.76 in 1996; $12,743.72 in 1995; $12,372.49 in 1994; $11,560.91 in 1993; $12,404.94 in

---

[8] Plaintiff's income from 1999 was from self-employment earnings, not from her work as a hospital admissions clerk. (Tr. 142).

[9] The balance of Plaintiff's earnings for 1998 was self-employment earnings in the amount of $4,372.00. (Tr. 142).

1992; and $16,487.90 in 1991.  (Id. at 140-42).

It is indiscernible from the ALJ's decision what period of time she evaluated in calculating Plaintiff's average monthly earnings for purposes of determining if the work constituted SGA, thereby constituting past relevant work.  As previously discussed, the Eleventh Circuit has defined "past relevant work" as "work that you have done within the past 15 years, that was substantial gainful activity."  Mosley v. Acting Commissioner of Soc. Sec. Admin., 2015 U.S. App. LEXIS 21193, *10, 2015 WL 8105166, *3 (11th Cir. Dec. 8, 2015).  In this case, the fifteen year period preceding the ALJ's decision denying benefits would encompass the period from February 1998 to February 2013.  As discussed, during this fifteen year period, Plaintiff worked as a hospital admissions clerk only in 1998.  Assuming that Plaintiff performed that job the entire year, as indicated by her "Work Background" report (id. at 197), and given that her total earnings from the job in 1998 were $1,755.36, as indicated by her earnings record (id. at 142), her average monthly earnings (if based on eleven months from February through December 1998) would be well below the $500 monthly minimum designated by the Agency as ordinarily showing substantial gainful activity in 1998.  See 20 C.F.R. §§ 404.1574(b)(2)(i), 416.974(b)(2)(i).  While it is possible that the ALJ could have determined that a different (shorter) period of evaluation

17

applied or that other factors rebutted the presumption of no SGA, the ALJ wholly failed to discuss this issue. Therefore, the Court must conclude, based on the evidence before the Court, that the ALJ erred in finding that Plaintiff's earnings from her job as a hospital admissions clerk in 1998 constituted SGA. Consequently, it was reversible error for the ALJ to conclude that this past work constituted past relevant work for purposes of finding Plaintiff not disabled under Medical Vocational Rule 201.15.

In sum, because there is no substantial evidence to support the ALJ's finding that Plaintiff's work as a hospital admissions clerk constituted substantial gainful employment, thereby constituting "past relevant work" with skills transferrable to other work in the national economy that Plaintiff could perform, the ALJ erred in finding that Plaintiff is not disabled under Medical Vocational Rule 201.15, and this case must be remanded for further administrative proceedings.[10]

---

[10] On remand, the ALJ shall reevaluate whether Plaintiff performed substantial gainful activity as a hospital admissions clerk pursuant to the applicable regulations and SSA policy. If the ALJ believes that Plaintiff's earnings during the relevant work period meet the presumptive SGA levels or if the ALJ finds that Plaintiff engaged in SGA even though her earnings did not meet presumptive SGA levels, the ALJ should explain this in her decision. In addition, on remand, the ALJ should explain how she determined the relevant period of work requiring evaluation and how she averaged Plaintiff's earnings. See SSR 83-35, 1983 WL 31257.

**V.     Conclusion**

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for a period of disability, disability insurance benefits, and supplemental security income be **REVERSED** and **REMANDED**.[11]

**DONE** this **24th** day of **March, 2016.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

---

[11] Having determined for the reasons discussed herein that this action must be remanded, the Plaintiff's remaining issues are pretermitted.